NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVE VALENTINETTI, | No. 18-72706 |
| Petitioner, | |
| v. | MEMORANDUM[*] |
| U.S. DEPARTMENT OF TRANSPORTATION, | |
| Respondent. | |

On Petition for Review of an Order of the
Department of Transportation, Federal Motor Carrier Safety Administration

Submitted November 18, 2019[**]

Before:    CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Steven Valentinetti petitions pro se for review of the Federal Motor Carrier

Safety Administration's ("FMCSA") final order denying his request for an

upgraded transportation safety rating and its subsequent order dismissing his

petition for reconsideration.  We have jurisdiction to review specified final orders

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of the Secretary of Transportation under the Hobbs Act, 28 U.S.C. § 2342(3)(A).

*Multistar Indus., Inc. v. U.S. Dept. of Transp.*, 707 F.3d 1045, 1052 (9th Cir. 2013); *see also* 28 U.S.C. § 2344; *Samuel B. Franklin & Co. v. SEC*, 290 F.2d 719, 725 (9th Cir. 1961) (en banc). We review orders of the FMCSA under the Administrative Procedure Act and may set aside an agency conclusion only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). We deny the petition.

Valentinetti has not demonstrated that the FMCSA's final order is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *See Barnes v. U.S. Dept. of Transp.*, 655 F.3d 1124, 1132 (9th Cir. 2011) ("Review under the arbitrary and capricious standard is narrow, and we do not substitute our judgment for that of the agency. An agency decision will be upheld as long as there is a rational connection between the facts found and the conclusions made." (citations omitted)).

To the extent Valentinetti seeks to raise in the opening brief an equal protection claim on the basis of alleged racial discrimination, that claim was not sufficiently developed in the administrative record and we decline to review it. *See Greenwood v. Federal Aviation Admin.*, 28 F.3d 971, 978 (9th Cir. 1994) (declining to review an equal protection challenge where the administrative record was insufficient to permit informed judicial evaluation of the issue raised).

Valentinetti has waived any challenge to the FMCSA's order dismissing his petition for reconsideration because he failed to address that order in his opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**PETITION FOR REVIEW DENIED.**